JOSEPH JADACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jadach v. Commissioner
Docket No. 993-72.
United States Tax Court
T.C. Memo 1973-60; 1973 Tax Ct. Memo LEXIS 227; 32 T.C.M. (CCH) 265; T.C.M. (RIA) 73060; March 14, 1973, Filed Joseph Jadach, pro se. Irwin R. Cohen and George J. Mendelson, *228 for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION
QUEALY, Judge: The respondent determined a deficiency in petitioner's income tax for the calendar year 1969 in the amount of $3,285.15. The sole question 2 presented for our determination is whether petitioner is entitled to report as a long-term capital gain a distribution of $14,108.72 received on March 31, 1969, as a result of the termination of the pension plan of Eastern Steel Barrel Corporation, his employer. FINDINGS OF FACT
Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. At the time the petition herein was filed, Joseph Jadach (hereinafter sometimes referred to as "petitioner") was an individual whose legal residence was in Somerville, New Jersey. His U.S. income tax return for the calendar year 1969 was duly filed with the Internal Revenue Service Center, Philadelphia, Pennsylvania. At all times material herein, petitioner was employed by the Eastern Steel Barrel Corporation of Piscataway, New Jersey. As an employee of said corporation, petitioner was a participant of beneficiary *229 of 3 the Employees Profit Sharing Plan of Eastern Steel Barrel Corp., a trust exempt from tax under section 501(a). [1]
The profit sharing trust was established as of June 30, 1953, and was terminated on October 20, 1968. As a result of termination of said plan, petitioner received a lump sum distribution in the amount of $14,108.72 on March 31, 1969. On his return, petitioner treated such distribution as being taxable as a capital gain. No amount had been previously contributed by petitioner to the Plan and the contributions by the employer had not been reflected as income to the petitioner in any prior years. OPINION
Section 402(a) (2) provides that distributions payable with respect to any employee from an employees' trust described in section 401(a) which is exempt from 4 tax under section 501(a), shall under certain conditions, be considered a gain from the sale or exchange of a capital asset held for more than six months. Insofar as material herein, section 402(a) (2) provides as follows: (2) CAPITAL GAINS TREATMENT FOR CERTAIN DISTRIBUTIONS. - *230 In the case of an employees' trust described in section 401(a), which is exempt from tax under section 501(a), if the total distributions payable with respect to any employee are paid to the distributee within 1 taxable year of the distributee on account of the employee's death or other separation from the service, or on account of the death of the employee after his separation from the service, the amount of such distribution, to the extent exceeding the amounts contributed by the employee (determined by applying section 72(f)), which employee contributions shall be reduced by any amounts theretofore distributed to him which were not includible in gross income, shall be considered a gain from the sale or exchange of a capital asset held for more than 6 months. * * * It is thus apparent from a reading of the statute that in order for a distribution to qualify for consideration as a long-term capital gain, the amount must be paid within the prescribed period on account of either (a) the death of the employee whether before or after his separation from service or (b) the employee's 5 separation from service. The distribution resulted from an agreement on the part of the employer *231 and the bargaining agent for the employee. The petitioner has continued as an employee of Eastern Steel Barrel Corporation. The distribution in question fails to meet any of the prescribed conditions. The parties have agreed that in the event of an adverse decision the petitioner may elect the provisions with respect to averaging (section 1301, et seq). In order to reflect such agreement, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩